That is not this case. The lienholder did not participate. He objected all the time, and if he appeared at all he appeared for the purpose of objecting. His claim, as I understand, was never proven in bankruptcy, except to claim the entire fund. I think the cases are clearly distinguishable. Indeed, Mr. Remington, in his work on Bankruptcy (volume 2, p. 1234, par. 1994, and in the notes thereto), draws the distinction here made by the court, and distinguishes the cases of Alison and of the Erie Lumber Company, heretofore decided by this court, from the general rule therein announced; that is, that the general costs of administration, including attorney's fees, cannot be taxed against the mortgaged property.

Take an order modifying the finding of the referee in accordance with the ruling of the court.

---

THE ETHEL J.

(District Court, W. D. Michigan, N. D.   August 8, 1911.)

ADMIRALTY (§ 90*)—DECREE BY DEFAULT—PROCEDURE.
    Where, on the filing of a libel in rem and the issuance of attachment, the vessel has been seized and the usual notice duly published, and no person appears as owner or claimant, either formally on the record or by notice to the proctors for the libelant, the default itself may be treated as sufficient basis for a formal decree of condemnation and sale without further proofs.
    [Ed. Note.—For other cases, see Admiralty, Dec. Dig. § 90.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Admiralty. In the matter of libel of the steam tug Ethel J. On question of procedure on default. Decree ordered.

Ball & Ball, for libelant.

DENISON, District Judge. In this case a libel was filed on the 9th of May, 1911, based on a claim for labor and repairs. An attachment was issued, returnable the first Tuesday in June. The vessel was seized and the usual notice was duly published. On June 27th an intervening libel was filed by the master. An attachment was issued, returnable the first Tuesday in August, and notice of this was also published.

No person has appeared in the proceedings, as owner or claimant, and the question now arises, as one of practice, whether, upon this default, the vessel should be condemned without further proofs, or whether a formal hearing should be had. The impossibility of the presence, by the judge, in each of the divisions, upon the regular monthly hearing day in admiralty, contemplated by the rules, led to the necessity, if proofs were to be taken, either of continuing the hearing until some later period, when the judge could be present, or of taking proofs by deposition or affidavit. I am informed that of late years, in this district, the latter practice has been followed, and before a decree of condemnation, proofs, more or less formal, by way of deposition or affidavit, have been required.

Upon consideration, it seems more in analogy with the equity practice on defaults, and more in conformity with what I understand is the general admiralty practice in other districts, to treat the default itself as a sufficient basis for the regular formal decree of condemnation and sale. I do not see that the requiring of a further affidavit from the claimant, which must be merely a repetition of the sworn libel, can be of sufficient value to justify the expense and delay. The question of the amount of libelant's claim remains open until the distribution of the proceeds.

In this case, therefore, the proctors for libelant may file an affidavit showing that there has been no appearance by any owner, claimant, or person interested, either formally upon the record or by way of notice to the proctors for libelant, and upon the filing of such affidavit an order may be entered as of the first Tuesday in August, or reciting continuance from the first Tuesday in August, declaring the default of all owners, claimants, or persons in interest, excepting the libelant and cross-libelant, and thereupon ordering, in the usual form, the condemnation and sale of the vessel.